UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MASTERSPAS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:08 CV 74 |
| | ) |
| MASTER POOLS AND SPAS, LLC | ) |
| and MIDIAM B. de MELO, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

The complaint filed in this action invokes the court's diversity jurisdiction. The allegations of the complaint are insufficient, however, to demonstrate that diversity exists. The complaint pleads that plaintiff MasterSpas, Inc. "is an Indiana corporation with its principal place of business located in Allen County, Indiana," and that defendant Master Pools and Spas, LLC "is a New Jersey limited liability company with its principal place of business located in Beachwood, New Jersey." (DE # 1 at 1.) For the purpose of establishing diversity, this second statement is meaningless because the citizenship of a limited liability company is that of each of its members. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003).

As the Seventh Circuit recently stated:

> We hope to make it clear once and for all (if such a wish for finality were possible) that an appellant's naked declaration that there is diversity of citizenship is never sufficient. Our Circuit Rule 28 requires more. It states, in no uncertain terms, that if jurisdiction depends on diversity of citizenship, the statement shall identify the citizenship of each party to the

> litigation. It then goes on to say, "[i]f any party is a corporation, the statement shall identify both the state of incorporation and the state in which the corporation has its principal place of business. If any party is an unincorporated association or partnership the statement shall identify the citizenship of all members." Cir. R. 28(a)(1). We have repeatedly warned that when one party to the litigation is someone other than a natural person suing in her own capacity, "a jurisdictional warning flag should go up" and the parties should carefully scrutinize the requirements of Circuit Rule 28(a)(1). *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). In this case, Guardsmark was, at the time of removal, a limited liability company. For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well. In its opening brief, Guardsmark failed to identify the citizenship of any of its members. And in its Notice of Removal before the district court, Guardsmark incorrectly identified itself as a corporation rather than an LLC.

*Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533-34 (7th Cir. 2007); *see also Carden v. Arkoma Associates*, 494 U.S. 185 (1990); *Mutual Assignment and Indemnification Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003); *Cosgrove v. Bartolotta,* 150 F.3d 729 (7th Cir.1998).

The possible absence of subject-matter jurisdiction is an issue that the court should raise on its own motion. *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005); *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002); *Indiana Gas Co. v. Home Ins. Co.*, 141 F. 3d 314, 316 (7th Cir. 1998). Accordingly, plaintiff shall take any steps necessary to determine the citizenship of the Master Pools and Spas limited liability company and shall file, within thirty days, an amended complaint properly

pleading defendant's citizenship. Failure to do so will result in dismissal of the complaint for want of jurisdiction.

**SO ORDERED.**

**Dated:** July 8, 2008

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT